**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD LEMAS,

    Plaintiff,

v.

JILL BROWN and DOES 1-500,

    Defendants.

No. C 07-00958 SI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

In this case, Ronald Lemas seeks to recover damages under state and federal law for events that occurred while he was incarcerated at San Quentin State Prison. Defendants filed a request for screening review under 28 U.S.C. § 1915A and a waiver of reply under 42 U.S.C. § 1997e(g). The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

On May 9, 2006, plaintiff Ronald Lemas ("Lemas"), then a prisoner at Avenal State Prison, filed a civil action in the Superior Court of the State of California, County of Marin.[1] On August 15, 2006, Lemas dismissed all named defendants and amended the complaint naming defendant Jill Brown. On January 9, 2007, Lemas filed his Second Amended Complaint, the subject of the present order. On February 15, 2007, defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b).

Lemas's claims arise out of two separate events that occurred while he was incarcerated at San Quentin State Prison. The first event was a fall suffered by Lemas on the way to a hearing within the

---

[1] *Ronald Lemas v. State of California, et al.*, Case No. CV 061983.

prison. On or about April 18, 2005, Does 1-30, guards at San Quentin, escorted Lemas from his cell to another location for a hearing. Before taking Lemas to the hearing, Does 1-30 handcuffed his hands behind his back. During the walk to the hearing, while handcuffed, Lemas fell down a flight of stairs. Lemas alleges that the fall resulted in severe injuries to his back and other parts of his body.

The remainder of Lemas's claims arise out of an alleged denial of "good time" credits. Lemas claims that Does 31-50 wrongfully denied him these credits, resulting in an extra 90 days of incarceration.

Lemas's complaint contains six causes of action. The first cause of action is a state law claim for negligence arising out of both the fall and the denial of credits. With respect to the fall, Lemas contends that Does 1-30 negligently failed to hold onto him or take any other reasonable steps to prevent him from falling down the stairs. Lemas further asserts that defendant Brown, San Quentin's Warden at the time, and Does 51-100, other prison officials, negligently failed to reasonably supervise and control the actions of Does 1-30. As a proximate result of the listed defendants' actions, Lemas argues he lost control and fell down a flight of stairs while handcuffed.

With respect to the denial of credits, Lemas's first cause of action alleges that Does 31-50, prison officials, negligently failed to award him "good time" credits to which, for unspecified reasons, he was entitled by law. As a result of this negligence, Lemas claims to have been incarcerated for ninety days more than the legal length of his sentence.

In Lemas's second cause of action, he claims that defendants Brown and Does 51-100 were negligent in their "screening, hiring, retaining, training, disciplining, supervising, managing, directing, and controlling" of Does 1-50. Compl. ¶ 29. According to Lemas, Brown and Does 51-100 violated the duty of reasonable care owed to him in the course of conducting these actions. Lemas alleges that defendants Does 1-50 committed the offenses alleged elsewhere in the complaint (pertaining to both the fall and the denial of credits) as a direct and proximate result of this negligence on the part of their supervisors.

Lemas's third cause of action arises from his fall down the stairs. Lemas alleges that defendants Does 1-30 committed civil battery when they intentionally made unprivileged physical contact with him, proximately causing his fall. According to Lemas, he never consented to the allegedly-wrongful

2

touching, nor did he fail to comply with any lawful orders given by Does 1-30. Therefore, Lemas claims that Does 1-30 never had a right to make physical contact. Lemas further alleges that he was injured as a direct and proximate result of said contact.

Lemas brings his fourth cause of action pursuant to 42 U.S.C. § 1983, arising from his fall down the stairs. Lemas alleges that defendants Does 1-30 deprived Lemas of his constitutional rights under color of law by either intentionally making physical contact causing his fall and/or failing to prevent him from falling with deliberate indifference. Lemas alleges that the conduct of Does 1-30 constituted a violation of his rights under the United States Constitution, "including, but not limited to, those rights guaranteed by the Eight and Fourteenth Amendments thereto." Compl. ¶ 39. According to Lemas, defendant Brown and Does 51-100 are also liable under section 1983 because they "condoned and ratified the conduct of Does 1-30, and had in place a policy which permitted such acts to occur." *Id*. ¶ 40.

Lemas's fifth cause of action is also brought pursuant to 42 U.S.C. § 1983. This action arises from the alleged wrongful deprivation of "good time" credits. Specifically, Lemas claims that in denying him the credits, defendants Does 31-50, acting under color of law, violated his rights under the United States Constitution. According to Lemas, these rights include, but are not limited to, those under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Lemas argues that Does 31-50 acted intentionally and/or with deliberate indifference in denying him the credits. Lemas further contends that defendants Brown and Does 51-100 are liable under section 1983 for the conduct of Does 31-50 because "these defendants condoned and ratified the conduct of Does 31-50, and had in place a policy which permitted such acts to occur." Compl. ¶ 44.

Lemas's sixth and final cause of action is a state law false imprisonment claim against defendants Does 31-50 arising out of the alleged denial of credits. Lemas claims that in wrongfully denying him the credits, Does 31-50 "unlawfully violated his personal liberty and acted with the intent to confine him or to a similar intrusion upon his person." Compl. ¶ 47. According to Lemas, at no time did he consent to such alleged acts and intrusions by Does 31-50. Lemas further claims that this alleged act proximately caused him to serve an extra ninety days in custody, thereby causing him additional injuries.

3

## LEGAL STANDARD

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1), (2).

Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can prove no set of facts which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir. 1986). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. Leave to amend need not be granted when amendment would be futile and the deficiencies of the complaint could not be cured by amendment. *See Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Any defendant may waive the right to reply to any federal action brought by a prisoner as defined by 42 U.S.C. § 1997e(h).[2] *See* 42 U.S.C. § 1997e(g). The court may require the defendant to reply to a complaint if it determines that the plaintiff has a "reasonable opportunity to prevail on the merits." *Id*. at § 1997e(g)(2).

---

[2]"Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

4

**DISCUSSION**

The Court has screened the complaint pursuant to 42 U.S.C. § 1915A, and will discuss the allegations it deems insufficient to state a claim upon which relief can be granted.

**I.   First Cause of Action: Negligence**

Lemas's first cause of action is a state law claim for negligence involving both his fall down the stairs and his denial of "good time" credits. Lemas brings this claim against defendants Does 1-30 for negligently failing to hold onto Lemas as he walked down the stairs, defendants Brown and Does 51-100 for negligently failing to control and supervise the actions of Does 1-30, and Does 31-50 for negligently failing to award Lemas the "good time" credits to which he was allegedly entitled.

With respect to public employees, "supervisory personnel whose personal involvement is not alleged may not be held responsible for the acts of their subordinates under California law." *Milton v. Nelson*, 527 F.2d 1158, 1159 (9th Cir. 1975) (*citing* Cal. Gov. Code §§ 820(a), 820.8). Lemas does not allege that defendants Brown or Does 51-100 had any personal involvement in Lemas's fall. Therefore, the Court finds that Lemas's first cause of action fails to state a claim upon which relief can be granted with respect to Brown and Does 51-100. The Court therefore dismisses the first cause of action with respect to defendants Brown and Does 51-100, with leave to amend.

**II.   Second Cause of Action: Negligent Screening, Hiring, Training, Retaining, Disciplining, Supervising, Managing, Directing, and Controlling**

Lemas's second cause of action is a state law claim for negligence against defendants Brown and Does 51-100. Lemas claims that these defendants "negligently and carelessly screened, hired, trained, retained, disciplined, supervised, managed, directed and controlled the conduct and activities of Defendants Does 1-50 . . . ."[3] Compl. ¶ 29.

As discussed, a public employee is liable for injury caused by her act or omission to the same

---

[3] This cause of action implicates the direct liability of these supervisory defendants, as opposed to the first cause of action which appears to assert vicarious liability against the same defendants.

5

extent as a private person. Cal. Gov. Code § 820. In California, an employer can be liable to a third person for negligently hiring, retaining, or supervising an unfit employee if "the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996).

Lemas does not allege that Brown or Does 51-100 knew or should have known about a risk in hiring Does 1-50. His second cause of action therefore fails to state a claim upon which relief can be granted. *See id*. This cause of action is dismissed with leave to amend.

### III.    Fourth Cause of Action:  Section 1983

Lemas brings his fourth cause of action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights, including those rights guaranteed by the Eighth and Fourteenth Amendments, under color of state law. Lemas makes this claim against defendants Brown, Does 1-30, and Does 51-100 pertaining to his fall down the stairs.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). After incarceration, the "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Lemas contends that defendants Brown and Does 51-100 are liable for the conduct of Does 1-30 under section 1983 because "these Defendants condoned and ratified the conduct of Does 1-30, and had in place a policy which permitted such acts to occur." Compl. ¶ 40. If a defendant does not personally participate in an alleged civil rights violation, she can still be found liable under section 1983 if "the laws of the particular state where the action arose creates such liability." *Hesselgesser v. Reilly*, 440 F.2d 901, 902-03 (9th Cir. 1971). As discussed above, California law specifically negates such liability. *See* Cal. Gov. Code § 820.8 ("a public employee is not liable for the injury caused by the act or omission of another person"). The Court therefore dismisses Lemas's fourth cause of action with respect to defendants Brown and Does 51-100, with leave to amend. *See Lopez*, 203 F.3d at 1130

6

### IV. Fifth Cause of Action: Section 1983

Lemas's fifth cause of action is another section 1983 claim, this time pertaining to the allegedly wrongful denial of "good time" credits resulting in an extra 90 days in prison. Lemas brings this claim against defendants Brown and Does 31-100.

To state a claim under 42 U.S.C. § 1983 for allegedly unconstitutional imprisonment, a plaintiff must prove that the conviction or sentence was previously overturned or invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, (1997) (*applying Heck*, dismissing a claim under section 1983 for wrongful denial of good time credits because the resulting sentence had not been previously invalidated). Because Lemas fails to allege that his denial of "good time" credits was previously overturned or invalidated, his fifth cause of action fails to state a claim upon which relief can be granted with respect to all defendants. The Court therefore dismisses Lemas's fifth cause of action with leave to amend.   *See Lopez*, 203 F.3d at 1130.

### CONCLUSION

For the foregoing reasons,

1.   Plaintiff's Complaint appears to state valid claims for relief against defendants Does 1-30 for negligence, battery, and violation of civil rights under 42 U.S.C. § 1983 in connection with plaintiff's fall down the stairs. Plaintiff's Complaint appears to state a valid claim against defendants Does 31-50 for negligence and false imprisonment in connection with the denial of "good time" credits. Plaintiff's remaining claims are dismissed as set forth above, with leave to amend.

2.   Plaintiff must submit an amended complaint by **Friday, April 20, 2007**

3.   Defendants must file an answer by **Friday, May 11, 2007**

3.   The clerk is directed to mail a notice scheduling the initial case management conference for **Friday, May 25, 2007** at **2:00 p.m.**

**IT IS SO ORDERED.**

Dated: April 9, 2007

SUSAN ILLSTON
United States District Judge