Case 3:07-cv-00958-SI    Document 60    Filed 02/22/2008    Page 1 of 30

# SINGLETON & ASSOCIATES

*Lawyers*

**1950 Fifth Avenue, Suite 200**
**San Diego, California 92101**
**(619) 239-3225**
**(619) 702-5592 (fax)**
www.Singleton-Associates.com

\*LEAVE TO FILE 4TH AMENDED
COMPLAINT IS GRANTED

February 22, 2008

The Honorable Susan Illson
United States District Court, Northern District
United States Courthouse
P.O. Box 36060
San Francisco, CA  94102



IT IS SO ORDERED

Judge Susan Illston

**Re:** ***Lemas v. Brown, et al.*, C 07-00958-SI**

Dear Judge Illston:

This letter is a brief asking this Court to:

    (1)    permit Plaintiff to amend his Complaint to substitute Officer M. Payton for DOE DEFENDANT 1, (*see* Plaintiff's Proposed Fourth Amended Complaint, attached hereto as Exhibit 1);

    (2)    Order Officer Payton to respond to the written discovery (attached hereto as Exhibits 2-4) within thirty (30) days of this Court's Order; and

    (3)    clarify all dates other than the non-expert discovery cut-off date.

**Permit Plaintiff to Amend his Complaint**

Documents obtained in discovery have revealed that Officer M. Payton was on duty in Plaintiff's unit at San Quentin Prison on the date Plaintiff was injured (April 18, 2005). Deposition testimony has established that Officer Payton was standing near Plaintiff at the bottom of the stairs before any other prison guards arrived. Based upon this information, it appears that Officer Payton was one of the guards who was escorting Plaintiff at the time he fell down the stairs and sustained the injuries alleged in the Complaint. Accordingly, Plaintiff requests permission to file a Fourth Amended Complaint (attached as Exhibit 1) substituting Officer M. Payton for DOE DEFENDANT 1.

Federal Rule of Civil Procedure ("FRCP") 15 addresses amended and supplemental pleadings. FRCP 15(b) states that the trial "court should freely give leave [to a party to amend its pleading]

1

Letter Brief to the Honorable Susan Illston
Re: *Lemas v. Brown, et al.*, C 07-00958-SI
February 22, 2008
Page 2

---

when justice so requires." In interpreting Rule 15, the Supreme Court states, ". . . this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182. (1962) (internal citations omitted). The Ninth Circuit cited *Foman* with approval in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), a case which also involved a suit by a California Department of Corrections ("CDC") prisoner against CDC guards. *Id.* In *Lopez*, the District Court granted defendants' motion to dismiss without leave to amend on the grounds that Lopez had failed to name the correct prison guards in his complaint. *Id.* The Ninth Circuit reversed, holding that since the defect could be cured by allowing plaintiff to amend his complaint to name the proper guards, the failure to permit an amendment was ". . . contrary to our longstanding rule that "leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Id.*, at 1130-1131 (quoting *Breir v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963)).

Here, although Plaintiff encountered substantial difficulty in identifying the DOE DEFENDANTS due, at least in part, to the refusal of the CDC to provide Plaintiff with the identities of the DOE DEFENDANTS, it appears that Officer M. Payton is one of the DOE DEFENDANTS. Accordingly, this amendment should be permitted.

**Defendant Payton should be ordered to answer the attached discovery**

On February 11, 2008, this Court issued an order granting Plaintiff an additional forty-five (45) days to complete non-expert discovery. Case 3:07-cv-00958-SI, Document 59. Accordingly, the cut-off date for non-expert discovery is now March 27.

Plaintiff needs to propound written discovery to Defendant Payton. If Defendant Payton is added as a defendant, she will be represented by Deputy Attorney General Christopher Young. Mr. Young already represents Defendant Jill Brown and is extremely familiar with the issues raised in this case and with the information sought in Plaintiff's discovery requests to Defendant Payton. *See* Exhibits 2-4. The information and documents Plaintiff seeks were previously requested of Defendant Brown. In his capacity as Defendant Brown's attorney, however, Mr. Young informed Plaintiff's counsel that since Defendant Brown was no longer employed at San Quentin, she lacked access to many of the documents sought by Plaintiff. Similarly, Mr. Young asserted that Defendant Brown had no "general duty" to respond on behalf of the institution, and, accordingly, would not provide answers to many of Plaintiff's interrogatories. (As the Court is aware, Plaintiff is barred from adding either San Quentin or the California Department of Corrections (or any other entity) as a defendant by California Government Code § 844.6.) Accordingly, it is imperative that Plaintiff be permitted to request this information from Defendant Payton (who is still employed at San Quentin and who was

2

Letter Brief to the Honorable Susan Illston
Re: *Lemas v. Brown, et al.*, C 07-00958-SI
February 22, 2008
Page 3

---

present during the incident). While many of the documents may be produced by the CDC in response to Plaintiff's third-party subpoenas, Defendant Payton is in the best position to answer these discovery requests.

Plaintiff has already responded to extensive discovery propounded by Defendant Brown. As Defendant Payton will be represented by the same attorney who represents Defendant Brown, if this Court refuses to require Defendant Payton to answer the attached discovery, the result will be that Defendant Payton will have been permitted to propound extensive discovery to Plaintiff (through Defendant Brown) while Plaintiff will have been unable to propound discovery on Defendant Payton. Accordingly, this Court should order Defendant Payton to respond to the attached discovery within thirty (30) days of this Court's Order.

**Clarify Additional Dates**

Both plaintiff and defense counsel are unclear as to the dates for all matters except non-expert discovery in this case. In light of this Court's continuation of the cut-off date for non-expert discovery, Plaintiff requests that this Court set new dates for expert discovery (including designation of experts), pre-trial conferences (including settlement conference) and trial. Plaintiff respectfully requests that this Court schedule a telephonic conference for the setting of these dates.

Due to the fact that Plaintiff was only given forty-five (45) additional days in which to complete discovery, time is of the essence, and Plaintiff respectfully requests that this Court respond to the instant requests as soon as possible.

Sincerely,

**SINGLETON & ASSOCIATES**

**GERALD SINGLETON**

cc:    Christopher M. Young, Deputy Attorney General
       Ben Rosenfeld, co-counsel for Plaintiff

3

# Exhibit 1

**TERRY SINGLETON**, State Bar No. 58316
**GERALD SINGLETON,** State Bar No. 208783
**SINGLETON & ASSOCIATES**
1950 Fifth Avenue, Suite 200
San Diego, California 92101
(619) 239-3225
(619) 702-5592 (fax)
geraldsingleton73@yahoo.com

**BEN ROSENFELD**, State Bar No. 203845
**LAW OFFICE OF DENNIS CUNNINGHAM**
115 ½ Barlett Street
San Francisco, CA 94110-3022
(415) 285-8091
ben.rosenfeld@comcast.net

Attorneys for Plaintiff Ronald Lemas

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEMAS, | Case No.    C 07-00958 SI |
| Plaintiff, | **PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR PERSONAL INJURIES AND VIOLATION OF CIVIL RIGHTS** |
| vs. | |
| JILL BROWN and OFFICER M. PAYTON, and DOES 2 through 100, inclusive, | **JURY TRIAL DEMAND** |
| Defendants. | Judge:    Hon. Susan Illston |

Plaintiff, RONALD LEMAS, alleges as follows:

### PRELIMINARY ALLEGATIONS

1.    Plaintiff is, and at all times herein mentioned was, a resident of the State of California. He may be contacted through his attorneys of record, SINGLETON & ASSOCIATES, care of Gerald Singleton, 1950 Fifth Avenue, Suite 200, San Diego, California  92101.

2.    Defendant JILL BROWN ("BROWN") is an employee of the CALIFORNIA DEPARTMENT OF CORRECTIONS ("CDC"). At all times herein mentioned, BROWN was the Warden for San Quentin State Prison ("San Quentin"). Defendant M. PAYTON, previously identified as DOE Defendant 1, is, and at all times herein mentioned was, an employee of the CDC at San Quentin. San Quentin is a prison operated by the CDC. The CDC is, and at all times herein mentioned was, a department

1 │ of the State of California and a political subdivision thereof. The CDC incarcerates individuals ordered

2 │ confined to a prison in the State of California by a judge of the California Superior Court.

3 │     3.    Defendants DOES 2-100 are employees and/or servants of the CDC and the State of

4 │ California.

5 │     4.    The true names and capacities, whether corporate, associate, individual or otherwise, of

6 │ Defendant DOES 2 through 500, inclusive, are unknown to plaintiff at this time. Plaintiff will seek leave

7 │ to amend this Complaint to allege their true names and capacities when the same has been ascertained.

8 │ Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and

9 │ thereon alleges that each of the Defendants designated herein as a DOE is responsible in some manner for

10 │ the events and happenings herein alleged and proximately caused and contributed to the injuries and

11 │ damages to plaintiff as hereinafter alleged. Any subsequent reference to any named Defendant includes

12 │ reference to said DOES 2 through 500, inclusive.

13 │     5.    At all times herein mentioned, Defendants, and each of them, were the agents, servants and

14 │ employees of each other, and of the remaining Defendants, and in doing the things hereinafter alleged, were

15 │ acting within the course and scope of their authority as agents, joint venturers, servants and/or employees.

16 │     6.    On of about April 18, 2005, Plaintiff was a prisoner confined by the CDC at San Quentin,

17 │ a prison located in Marin County, California. On or about April 18, 2005, Defendant M. PAYTON and

18 │ DOES 2-30 escorted Plaintiff from his cell to another location for a hearing. Defendant M. PAYTON and

19 │ DOES 2-30 handcuffed Plaintiff's hands behind his back during the process of escorting Plaintiff.

20 │     7.    Defendant M. PAYTON and DOES 2-30 negligently failed to hold on to the Plaintiff and/or

21 │ otherwise take any other reasonable measures necessary to prevent/protect Plaintiff from falling while

22 │ escorting him to a hearing while handcuffed. As a proximate result of the negligent conduct of DOES 2-30,

23 │ and each of them, Plaintiff fell down a flight of stairs while handcuffed. Because his hands were cuffed

24 │ behind his back, Plaintiff was unable to break his fall and sustained severe injuries to his back and other

25 │ parts of his body.

26 │     8.    Plaintiff is informed and believes and thereon alleges that Defendant M. PAYTON and

27 │ DOES 2-30 are employees of the State of California and/or the CDC. Plaintiff is informed and believes

28 │ and thereon alleges that in committing the acts and omissions alleged herein, Defendant M. PAYTON and

1  DOES 2-30 were acting within the course and scope of their employment for the State of California and

2  the CDC.

3        9.    Defendant BROWN is, and at all times herein mentioned was, the Warden of San Quentin.

4  As such, she was responsible for the supervising the employees of the State of California and the CDC

5  employed at San Quentin on April 18, 2005. As such, Defendant BROWN was responsible for supervising

6  the Defendant employees sued herein as Defendant M. PAYTON and DOES 2-100.

7        10.   Plaintiff alleges that Defendants, and each of them, had a duty to use due care in their

8  dealings with, and related to, Plaintiff. Plaintiff further alleges that in committing the acts and omissions

9  alleged herein above, Defendants, and each of them, their agents, servants and employees, negligently and

10  carelessly breached their duty of reasonable care legally owed to Plaintiff. Finally, Plaintiff alleges that the

11  beach of the duty of care by Defendants, and each of them, their agents servants and employees, was the

12  proximate or legal cause of the injuries and damages sustained by Plaintiff and alleged herein.

13        11.   In the paragraphs set forth above, Plaintiff asserts that the conduct of Defendant M. PAYTON

14  and DOES 2-30 in causing and/or permitting him to fall down the stairs was negligent. However, Plaintiff

15  also wishes to assert the theory that the conduct of DOES 2-30 in causing him to fall down the stairs was

16  intentional. Said allegations are made pursuant to Plaintiff's Third and Fourth Causes of Action (battery

17  and violation of civil rights while acting under color of law, respectively).

18        12.   Plaintiff alleges that DOES 31-50, employees of the State of California, acting under color

19  of authority, wrongfully denied him "good time" credits which he was rightfully owed. Plaintiff avers that

20  in denying him the "good time" credits to which he was legally entitled, DOES 31-50 acted intentionally

21  and with deliberate, wilful indifference to Plaintiff's Constitutional rights. Plaintiff alleges that the actions

22  of DOES 31-50 denied him his liberty without due process of law and constituted cruel and unjust

23  confinement. In the alternative, Plaintiff alleges that in denying him the "good time" credits to which he

24  was legally entitled, DOES 31-50 acted negligently and/or with the intent to confine him.

25        13.   On or about October 11, 2005, in compliance with the requirements of California[1]

26  Government Code §905, Plaintiff presented a claim for damages to the Victim Compensation and

27

28        [1]    All statutory references are to California law unless otherwise noted.

1   Government Claims Board for the injuries, disabilities, losses and damages suffered and incurred by

2   Plaintiff. Defendant rejected Plaintiff's Claim on November 22, 2005.

3       14.   Plaintiff filed a timely Complaint with the Superior Court of the State of California, in and

4   for the County of Marin, on May 9, 2006. Defendants demurred and on August 15, 2006, Plaintiff filed

5   a First Amended Complaint. On January 9, 2007, after receiving leave from the Superior Court of

6   California, Plaintiff filed a Second Amended Complaint. On February 15, 2007, Defendants removed

7   Plaintiff's action to this Court. On April 9, 2007, this Court issued an Order dismissing Plaintiff's

8   Complaint with leave to amend. Plaintiff now files the instant Complaint, entitled the "Third Amended

9   Complaint."

10       15.   As a proximate result of the negligent and intentional acts and omissions of Defendants, and

11   each of them, Plaintiff sustained was severely injured in his body and health and was illegally denied his

12   Constitutional rights by Defendants acting under color of law. Plaintiff sustained damages in an amount

13   to be proven at the time of trial.

14       16.   As a further proximate result of the tortious conduct of Defendants, and each of them,

15   Plaintiff was required to, and did, employ physicians and surgeons to examine, treat, and care for him, and

16   did incur medical and incidental expenses in an amount according to proof at the time of trial.

17   ### **FIRST CAUSE OF ACTION**

18   **(Negligence)**

19   **(Against Defendants M. PAYTON and DOES 2-50)**

20       17.   Plaintiff incorporates all the allegations contained in paragraphs 1-16 of this complaint as

21   though set forth herein in full.

22       18.   Government Code § 844.6(d) holds that a public employee (as distinct from a public entity)

23   may be held liable for any injury to a prisoner "... proximately caused by his [or her] negligent or wrongful

24   act or omission."

25       19.   Government Code § 820(a) states, in pertinent part, "... a public employee is liable for injury

26   caused by his [or her] act or omission to the same extent as a private person." Plaintiff alleges that the

27   conduct of DOES 2-50 alleged herein was negligent and that such negligence was the proximate cause of

28   the injuries and damages suffered by Plaintiff.

1    20.    At all times herein mentioned, Defendants, and each of them, were CDC and state employees

2    responsible for the safety and security of the inmates in San Quentin in general and the Plaintiff in

3    particular. At all times herein mentioned, Defendants, and each of them, were acting within the course and

4    scope of that employment. In so doing, Defendants, and each of them, had a duty of reasonable care to all

5    inmates in San Quentin in general, and to Plaintiff in particular. Defendants owed a duty to Plaintiff *inter*

6    *alia*, to behave as a reasonably prudent person would in the same circumstances in their dealings with

7    Plaintiff.

8    21.    Defendants further had a duty to follow all applicable laws, statutes, rules, ordinances or

9    regulations promulgated by California or the CDC pertaining to the custody, care and treatment of inmates

10   incarcerated at San Quentin Prison. Defendants also had a duty to avoid subjecting inmates and Plaintiff

11   to unreasonable risks of harm in the performance of their duties.

12   22.    As set forth herein, at the above-mentioned time and place, Defendant M. PAYTON and

13   DOES 2-30, and each of them, negligently and carelessly failed to hold on to the Plaintiff and/or otherwise

14   take any other reasonable measures to prevent/protect the Plaintiff from falling while escorting him to a

15   hearing while handcuffed. As a proximate result, the Plaintiff lost control and fell down a flight of stairs

16   while handcuffed.

17   23.    As set forth herein, at the above-mentioned time and place, DOES 31-50, and each of them,

18   negligently and carelessly failed to properly award Plaintiff the "good time" credits to which Plaintiff was

19   entitled by law. As a result of the negligence of DOES 31-50, and each of them, Plaintiff was incarcerated

20   for ninety (90) days more than the legal length of his sentence.

21   24.    In committing these acts and omissions, Defendants, and each of them, negligently and

22   carelessly breached their duty of reasonable care towards the Plaintiff. As a proximate result of the

23   negligent acts and omissions of Defendants, and each of them, Plaintiff sustained injuries, to include

24   general and special damages, in a sum according to proof at the time of trial.

25   //

26   //

27   //

28   //

1

## SECOND CAUSE OF ACTION

2    **(Negligent Training, Retaining, Disciplining, Supervising, Managing, Directing and Controlling)**

3    **(Against Defendants BROWN and DOES 51-100)**

4        25.    Plaintiff incorporates all the allegations previously set forth in this complaint as though set

5    forth herein in full.

6        26.    Plaintiff sues BROWN and DOES 51-100 pursuant to Government Code §§ 820(a) and

7    844.6(d).  Plaintiff alleges that the conduct of said Defendants, and each of them, alleged herein was

8    negligent and that such negligence was the proximate cause of the injuries and damages suffered by

9    Plaintiff.

10        27.    At all times herein mentioned, California housed prisoners at San Quentin.  The agency

11    responsible for carrying out these tasks was the CDC.  At all times mentioned herein, BROWN and DOES

12    51-100 were employees of California and/or the CDC who were responsible for the screening, hiring,

13    retaining, training, disciplining, supervising, managing directing and controlling the conduct of DOES 2-50

14    and setting departmental policies for the corrections officers and employees of CDC and California.

15        28.    In carrying out these tasks, BROWN and DOES 51-100, and each of them, had a duty of

16    reasonable care to all inmates in San Quentin and Plaintiff to avoid subjecting inmates and Plaintiff to

17    unreasonable risks of harm in the performance of their employment related duties.

18        29.    BROWN and DOES 51-100 knew, or in the exercise of reasonable care should have known,

19    about the risk DOES 2-50 posed to Plaintiff and other similarly situated inmates.  Despite this actual and/or

20    constructive knowledge, BROWN and DOES 51-100, and each of them, negligently and carelessly

21    screened, hired, trained, retained, disciplined, supervised, managed, directed and controlled the conduct and

22    activities of Defendants DOES 2-50, and each of them, while in the course and scope of their employment

23    with California and the CDC.  Said negligence was a breach of the duty of reasonable care BROWN and

24    DOES 51-100 owed to Plaintiffs and other similarly situated inmates.

25        30.    As a direct and proximate result of the negligence of BROWN and DOES 51-100, and each

26    of them, DOES 2-50 committed the negligent and intentional acts and omissions alleged herein,

27    proximately causing Plaintiff to sustain the injuries and damages as herein alleged.

28    //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD CAUSE OF ACTION

#### (Battery)

#### (Against Defendants M. PAYTON and DOES 2 through 30)

31.    Plaintiff incorporates all the allegations previously set forth in this complaint as though set forth herein in full.

32.    A civil battery is an unprivileged touching.  In addition to alleging that Defendant M. PAYTON and DOES 2-30 were negligent in committing the acts and omissions which lead to Plaintiff's fall down a flight of steps, Plaintiff herein alleges that Defendant M. PAYTON and DOES 2-30 intentionally made unprivileged, and non-consensual, physical contact with Plaintiff.  Said unprivileged, non-consensual physical contact proximately caused Plaintiff to fall down said flight of steps, thereby causing Plaintiff to incur the injuries and damages as alleged herein.

33.    At no time did Plaintiff consent to the physical touching of Defendant M. PAYTON and DOES 2-30 that caused him to fall down the flight of steps as alleged herein.  Moreover, Plaintiff did not fail to comply with any lawful orders given by Defendant M. PAYTON and DOES 2-30, or any other employee, agent or servant of the CDC or the State of California.  Hence, at no time did Defendant M. PAYTON and DOES 2-30 have the legal right to make physical contact with Plaintiff in manner that caused Plaintiff to fall down the flight of stairs as alleged herein.

34.    Defendant M. PAYTON and DOES 2-30 are sued herein pursuant to Government Code §§ 820(a) and 844.6(d).

35.    As a direct and proximate result of the conduct of said Defendants, and each of them, Plaintiff sustained the injuries and damages as herein alleged.

### FOURTH CAUSE OF ACTION

#### Violation of Civil Rights Under Color of State Law (Title 42 USC §1983)

#### (Against Defendants BROWN, DOES 2-30 and 51-100)

36.    Plaintiff incorporates all the allegations contained in paragraphs 1 through 35 of this complaint as though set forth herein in full.

37.    This cause of action for deprivation of constitutional rights under color of law is brought pursuant to the federal statute entitled Title 42 USC §1983 for remedies for the above-listed Defendants'

1   deprivation of Plaintiff's civil rights under color of law.  By this action, Plaintiff seeks all legal and

2   equitable relief to which he may be entitled, including, but not limited to, compensatory damages,

3   attorneys' fees and costs, punitive damages and pre-judgment interest.

4       38.    On or about April 18, 2005, Defendant M. PAYTON and DOES 2-30, state employees acting

5   under color of law, deprived Plaintiff of his civil rights by intentionally, and/or with a deliberate

6   indifference to Plaintiff's civil rights, made unprivileged and non-consensual physical contact with Plaintiff

7   and failed to hold Plaintiff and/or otherwise take any other reasonable measures to prevent/protect the

8   Plaintiff from falling while escorting him to a hearing while handcuffed.

9       39.    As a proximate result of the intentional and/or deliberately indifferent conduct of Defendant

10  M. PAYTON and DOES 2-30, and each of them, committed under color of law, Plaintiff fell down a flight

11  of stairs while his hands were cuffed behind his back, suffering the injuries and damages as herein alleged.

12  Said conduct by Defendants constituted a violation of Plaintiff's rights under the Constitution of the United

13  States of America, including, but not limited to, those rights guaranteed by the Eighth and Fourteenth

14  Amendments thereto.

15      40.    Defendants BROWN and DOES 51-100 are liable for the conduct of Defendant M. PAYTON

16  and DOES 2-30 under Title 42 USC § 1983 because these Defendants condoned and ratified the conduct

17  of Defendant M. PAYTON and DOES 2-30, and had in place a policy or custom which permitted such acts

18  to occur.  *See Larez v. Los Angeles*, 946 F.2d 630, 645-647.  This policy or custom played a part in the

19  violation of Plaintiff's federal Constitutional rights by Defendant M. PAYTON and DOES 2-30.  *Id*. at

20  646-647.  BROWN and DOES 51-100 caused the violation of civil rights sustained by Plaintiff because

21  they set in motion a series of acts by others which they knew or reasonably should have known would cause

22  others to inflict the constitutional injury.  *See Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

23      41.    Plaintiff brings this cause of action against BROWN and DOES 51-100 both individually and

24  in their official capacities.

25                          **FIFTH CAUSE OF ACTION**

26                          **(False Imprisonment)**

27                   **(Against Defendants DOES 31 through 50)**

28      42.    Plaintiff incorporates paragraphs 1 through 41, above, as though set forth herein in full.

1    43.    Plaintiff alleges that in denying him the "good time" credits to which he was legally entitled,

2  DOES 31-50 unlawfully violated his personal liberty and acted with the intent to confine him or to a similar

3  intrusion upon his person. At no time did Plaintiff consent to these unlawful acts and intrusions by DOES

4  31-50. Said unprivileged acts by DOES 31-50, performed without Plaintiff's consent, proximately caused

5  Plaintiff to serve an extra ninety (90) days in custody, thereby causing Plaintiff to incur the injuries and

6  damages as alleged herein.

7                                    **PRAYER**

8      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

9    (1)    For general damages in a sum according to proof at the time of trial;

10    (2)    For special damages in a sum according to proof at the time of trial;

11    (3)    For interest on the recovery at the legal rate from the date of the incident until date of

12          judgment;

13    (4)    For attorney fees and costs of suit incurred herein pursuant to Title 42 USC §1983 and any

14          and all other statutory and/or case law that may apply; and,

15    (5)    For such other further relief as this Court may deem just and proper.

16                              **DEMAND FOR JURY TRIAL**

17      Plaintiff hereby demands a trial by jury in this case.

18

19                                      SINGLETON & ASSOCIATES

20  Dated:  February 22, 2008              By: _____

21                                          **GERALD SINGLETON**
                                            Attorneys for Plaintiff Ronald Lemas
22

23

24

25

26

27

28

# Exhibit 2

1   **TERRY SINGLETON**, State Bar No. 58316
    **GERALD SINGLETON**, State Bar No. 208783
2   **SINGLETON & ASSOCIATES**
    1950 Fifth Avenue, Suite 200
3   San Diego, California 92101
    (619) 239-3225
4   (619) 702-5592 (fax)
    geraldsingleton73@yahoo.com
5
    **BEN ROSENFELD**, State Bar No. 203845
6   **LAW OFFICE OF DENNIS CUNNINGHAM**
    115 ½ Barlett Street
7   San Francisco, CA 94110-3022
    (415) 285-8091
8   ben.rosenfeld@comcast.net

9   Attorneys for Plaintiff Ronald Lemas

10

11                    **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13  RONALD LEMAS                    )    Case No.        C 07-00958-SI
                                    )
14            Plaintiff,            )    **PLAINTIFF'S INTERROGATORIES**
                                    )    **TO DEFENDANT M. PAYTON**
15         v.                       )
                                    )
16  JILL BROWN, M. PAYTON, individually, )
    and DOES 2 through 100, inclusive,   )    Discovery cut-off date:        03-27-08
17                                  )
            Defendants.             )
18  _____ )

19  Answering Party:        Defendant M. PAYTON

20  Propounding Party:      Plaintiff RONALD LEMAS

21  Set Number:             One

22        COMES NOW Plaintiff, pursuant to Federal Rule of Civil Procedure 33, and hereby demands that

23  Defendant M. PAYTON provide Plaintiff with written answers to the following interrogatories, subscribed

24  to under oath, within thirty (30) days of the present time.

25                              **DEFINITIONS**

26        Unless otherwise indicated, the following definitions shall be applicable.

27        (1)    "YOU" or "YOUR" shall mean defendant, defendant's legal counsel, agents or

28  representatives and all persons acting or purporting to act on defendant's behalf for any purpose.

1   (2)    "DOCUMENT" shall include all written, printed, typed recorded or graphic matter of every

2   type or description, including, but not limited to, computer generated messages, electronic mails, computer

3   mail, writings, drawings, graphs, charts, medical records of any nature, photographs, phonographic records

4   or audio tapes, computer records, cards, compact discs, and tapes, and other data compilations from which

5   information can be obtained, translated if necessary through detection devices into reasonable, usable form,

6   or tangible things, from which information ca be obtained and all non-identical copies thereof.

7   (3)    "Person" shall mean natural persons and all forms of business organizations including sole

8   proprietorship, partnership, joint venture, corporation, trust or other form of legal entity.

9   (4)    "Discuss" shall be accorded its ordinary meaning, except is shall also include statistical

10  analyses (whether in numerical or graphic form) of the subject matter set forth in the individual

11  specifications.

12  (5)    "And" as well as "or" shall be construed either disjunctively or conjunctively so as to bring

13  within the scope of this request all DOCUMENTS which might otherwise be construed to be outside its

14  scope.

15  (6)    The singular shall be deemed to include the plural and vice versa, so as to bring within the

16  scope of this request all DOCUMENTS which might otherwise be construed to be outside its scope.

17  (7)    The term "INCIDENT" refers to the occurrences/incidents upon which the causes of action

18  in Plaintiff's complaint are based, unless the contrary is stated.  Here, the term INCIDENT refers to the

19  incident in which Plaintiff either fell or was pushed down the stairs at San Quentin Prison by Defendant

20  M. PAYTON and DOES 2-30 on or about April 18, 2005.

21  (8)    "IDENTITY" shall mean the name, official capacity (if any), and contact information

22  (including, but not limited to) the last known address and last known phone number of the person(s) in

23  question.

24  (9)    In reference to DOCUMENTS, the term "IDENTIFY" shall mean describing the

25  DOCUMENT and the current location of the DOCUMENT, including the IDENTITY of the individual who

26  currently has custody of the DOCUMENT.  If the responsive party is not aware of the DOCUMENT's

27  current location, the responsive party shall provide the IDENTITY of the last known individual or entity

28  which possessed the DOCUMENT.

**INTERROGATORIES**

1.    Please state the IDENTITY of any individuals who were involved, in any way, in escorting Plaintiff from his cell to the stairway at San Quentin Prison where Plaintiff alleges he fell on April 18, 2005.

2.    Please state the legal authority for any and all limitations on Plaintiff's right to recover damages that you contend apply to this case.

3.    Please state when YOU first learned of the INCIDENT.

4.    Please state the IDENTITY of any individuals who investigated the INCIDENT in any way.

5.    Please state, in detail, any and all steps taken to investigate how the INCIDENT occurred of which you are aware.

6.    Please state the IDENTITY of any and all individuals who were involved, in any way, in supervising YOU when you escorted and/or accompanied Plaintiff from his cell to the stairway at San Quentin Prison where Plaintiff alleges he fell on April 18, 2005.

7.    Please describe any rules, guidelines, regulations, or ordinances promulgated by the California Department of Corrections, or any other source, which YOU contend would control the manner in which a prisoner at San Quentin, similar in status to that of Plaintiff on April 18, 2005, who would be forced to walk down a staircase should be escorted by an employee of the California Department of Corrections. [This request includes, but is not limited to, rules, guidelines, regulations, or ordinances that were in effect on the date of April 18, 2005.]

8.    Please IDENTIFY and describe any and all DOCUMENTS which YOU contend would control the manner in which a prisoner at San Quentin, similar in status to that of Plaintiff on April 18, 2005, who would be forced to walk down a staircase should be escorted by an employee of the California Department of Corrections. [This request includes, but is not limited to, DOCUMENTS that were in effect on the date of April 18, 2005.]

9.    Please describe any punishment, discipline, or negative consequences imposed upon YOU by anyone as a result of the INCIDENT.

10.    Please state the IDENTITY of any individual whom you believe has any knowledge about the allegations set forth in Plaintiff's Complaint. [For the purposes of this interrogatory, "Complaint"

1    means Plaintiff's Third Amended Complaint, filed with this Court on or about April 19, 2007.]

2        11.    For each such individual named in response to interrogatory number ten (10), above, describe

3    what that individual's knowledge regarding the allegations set forth in Plaintiff's Complaint. [For the

4    purposes of this interrogatory, "Complaint" means Plaintiff's Third Amended Complaint, filed with this

5    Court on or about April 19, 2007.]

6        12.    Do YOU contend that Plaintiff has any comparative negligence for the injuries Plaintiff

7    alleges he sustained during the INCIDENT?

8        13.    If YOUR answer to the preceding interrogatory is in the affirmative, state all facts upon

9    which YOU base this contention.

10        14.    If YOUR answer to interrogatory number 12, above, is in the affirmative, please IDENTIFY

11    and describe any and all DOCUMENTS that support YOUR contention.

12        15.    Do YOU contend that anyone other than YOU or Plaintiff has any legal responsibility for the

13    injuries Plaintiff alleges he sustained during the INCIDENT?

14        16.    If YOUR answer to the preceding interrogatory is in the affirmative, state all facts upon

15    which YOU base this contention.

16        17.    If YOUR answer to interrogatory number 15, above, is in the affirmative, please IDENTIFY

17    and describe any and all DOCUMENTS that support YOUR contention.

18        18.    Do YOU contend that YOU bear <u>no</u> legal responsibility for the injuries Plaintiff alleges he

19    sustained during the INCIDENT?

20        19.    If YOU contend that YOU bear <u>no</u> legal responsibility for the injuries Plaintiff alleges he

21    sustained during the INCIDENT, state all facts upon which YOU base this contention.

22        20.    If YOU contend that YOU bear <u>no</u> legal responsibility for the injuries Plaintiff alleges he

23    sustained during the INCIDENT, IDENTIFY and describe any and all DOCUMENTS which YOU believe

24    support this contention.

25        21.    Do YOU contend that the surgery Plaintiff received on his back on or about April 20, 2005,

26    was not required as a result of the injuries Plaintiff sustained in the INCIDENT?

27        22.    If YOUR answer to the preceding interrogatory is in the affirmative, state all facts upon

28    which YOU base this contention.

1    23.    If YOUR answer to interrogatory number 20, above, is in the affirmative, please IDENTIFY

2    and describe any and all DOCUMENTS that support YOUR contention.

3    24.    If YOU contend that the injuries Plaintiff sustained during the accident will not result in

4    permanent residual damages to Plaintiff, state any and all facts upon which YOU base YOUR contention.

5    25.    If YOU contend that the injuries Plaintiff sustained during the accident will not result in

6    permanent residual damages to Plaintiff, IDENTIFY and describe any and all DOCUMENTS which YOU

7    believe support this contention.

**SINGLETON & ASSOCIATES**

Dated: February 22, 2008          By:    _____

**GERALD SINGLETON**
Attorneys for Plaintiff Ronald Lemas

# Exhibit 3

1  **TERRY SINGLETON**, State Bar No. 58316
**GERALD SINGLETON**, State Bar No. 208783
2  **SINGLETON & ASSOCIATES**
1950 Fifth Avenue, Suite 200
3  San Diego, California 92101
(619) 239-3225
4  (619) 702-5592 (fax)
geraldsingleton73@yahoo.com
5
**BEN ROSENFELD**, State Bar No. 203845
6  **LAW OFFICE OF DENNIS CUNNINGHAM**
115 ½ Barlett Street
7  San Francisco, CA 94110-3022
(415) 285-8091
8  ben.rosenfeld@comcast.net

9  Attorneys for Plaintiff Ronald Lemas

10

11                    **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA**

13  RONALD LEMAS                    )    Case No.      C 07-00958-SI
                                    )
14          Plaintiff,              )    **PLAINTIFF'S DEMAND FOR**
                                    )    **INSPECTION AND PRODUCTION**
15          v.                      )    **OF DOCUMENTS AND THINGS**
                                    )    **TO DEFENDANT M. PAYTON**
16  JILL BROWN, M. PAYTON, individually, )
    and DOES 2 through 100, inclusive, )
17                                  )    Discovery cut-off date:      03-27-08
            Defendants.             )
18  _____)

19  Answering Party:          Defendant M. PAYTON

20  Propounding Party:        Plaintiff RONALD LEMAS

21  Set Number:               One

22          COMES NOW Plaintiff, pursuant to Federal Rule of Civil Procedure ("FRCP") 34, and hereby

23  demands that Defendant M. PAYTON provide for copying and inspection the following documents and

24  tangible things.  The time of said inspection shall be thirty (30) days from today's date at the Law Offices

25  SINGLETON & ASSOCIATES, 1950 Fifth Avenue, Suite 200, San Diego, California  92101. Pursuant

26  to FRCP 34, Defendant shall also provide Plaintiff with a written response to these requests for inspection

27  and copying, subscribed to under oath, within thirty (30) days of today's date.

28  //

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable.

(1)    "YOU" or "YOUR" shall mean defendant, defendant's legal counsel, agents or representatives and all persons acting or purporting to act on defendant's behalf for any purpose.

(2)    "DOCUMENT" shall include all written, printed, typed recorded or graphic matter of every type or description, including, but not limited to, computer generated messages, electronic mails, computer mail, writings, drawings, graphs, charts, medical records of any nature, photographs, phonographic records or audio tapes, computer records, cards, compact discs, and tapes, and other data compilations from which information can be obtained, translated if necessary through detection devices into reasonable, usable form, or tangible things, from which information ca be obtained and all non-identical copies thereof.

(3)    "Person" shall mean natural persons and all forms of business organizations including sole proprietorship, partnership, joint venture, corporation, trust or other form of legal entity.

(4)    "Discuss" shall be accorded its ordinary meaning, except is shall also include statistical analyses (whether in numerical or graphic form) of the subject matter set forth in the individual specifications.

(5)    "And" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this request all DOCUMENTS which might otherwise be construed to be outside its scope.

(6)    The singular shall be deemed to include the plural and vice versa, so as to bring within the scope of this request all DOCUMENTS which might otherwise be construed to be outside its scope.

(7)    The term "INCIDENT" refers to the occurrences/incidents upon which the causes of action in Plaintiff's complaint are based, unless the contrary is stated.  Here, the term INCIDENT refers to the incident in which Plaintiff either fell or was pushed down the stairs at San Quentin Prison by Defendant M. PAYTON and DOES 2-30 on or about April 18, 2005.

(8)    "IDENTITY" shall mean the name, official capacity (if any), and contact information (including, but not limited to) the last known address and last known phone number of the person(s) in question.

//

1    (9)    In reference to DOCUMENTS, the term "IDENTIFY" shall mean describing the

2    DOCUMENT and the current location of the DOCUMENT, including the IDENTITY of the individual who

3    currently has custody of the DOCUMENT.  If the responsive party is not aware of the DOCUMENT's

4    current location, the responsive party shall provide the IDENTITY of the last known individual or entity

5    which possessed the DOCUMENT.

6                                                  **INSTRUCTIONS**

7    1.    Please produce any and all DOCUMENTS responsive to Plaintiff's Interrogatory No. 8, to

8    wit: DOCUMENTS which YOU contend would control the manner in which a prisoner at San Quentin,

9    similar in status to that of Plaintiff on April 18, 2005, who would be forced to walk down a staircase should

10   be escorted by an employee of the California Department of Corrections. [This request includes, but is not

11   limited to, DOCUMENTS that were in effect on the date of April 18, 2005.]

12   2.    Please produce any and all DOCUMENTS responsive to Plaintiff's Interrogatory No. 14, to

13   wit: DOCUMENTS which YOU contend demonstrate that Plaintiff has any comparative negligence for

14   the injuries Plaintiff alleges he sustained during the INCIDENT.

15   3.    Please produce any and all DOCUMENTS responsive to Plaintiff's Interrogatory No. 17, to

16   wit: DOCUMENTS which YOU contend support YOUR contention that anyone other than YOU or

17   Plaintiff has any legal responsibility for the injuries Plaintiff alleges he sustained during the INCIDENT.

18   4.    Please produce any and all DOCUMENTS responsive to Plaintiff's Interrogatory No. 20, to

19   wit: DOCUMENTS which YOU contend support YOUR contention that YOU bear no legal responsibility

20   for the injuries Plaintiff alleges he sustained during the INCIDENT.

21   5.    Please produce any and all DOCUMENTS responsive to Plaintiff's Interrogatory No. 23, to

22   wit: DOCUMENTS which YOU contend support YOUR contention that the surgery Plaintiff received on

23   his back on or about April 20, 2005, was not required as a result of the injuries Plaintiff sustained in the

24   INCIDENT.

25   6.    Please produce any and all DOCUMENTS responsive to Plaintiff's Interrogatory No. 25, to

26   wit: DOCUMENTS which YOU contend support YOUR contention that the injuries Plaintiff sustained

27   during the accident will not result in permanent residual damages to Plaintiff.

28   //

7.    Any and all DOCUMENTS related to the INCIDENT in any way.

8.    Any and all DOCUMENTS related to any investigation into the INCIDENT in any way; this includes, but is not limited to, any DOCUMENTS pertaining to any discipline (or lack thereof) imposed upon YOU as a result of the INCIDENT.

9.    Any and all DOCUMENTS that pertain to any rules, guidelines, policies, etc., of the California Department of Corrections ("CDC"), in effect on April 18, 2005, that pertain to how an employee of the CDC should maintain control of an inmate who is being escorted down steps inside a prison.

10.    Any DOCUMENTS which YOU contend relate to Plaintiff's damages in any way.

11.    Any DOCUMENTS which YOU contend would tend to impeach Plaintiff's credibility regarding the nature and extent of his injuries.

12.    Any DOCUMENTS which YOU contend would tend to impeach Plaintiff's credibility regarding the nature and extent of his damages.

13.    Any DOCUMENTS which YOU contend would tend to impeach Plaintiff's credibility in general.

REQUEST FOR INSPECTION OF SITE OF INJURY

Plaintiff hereby requests that he be permitted to examine and inspect the area (or areas) at San Quentin prison where the INCIDENT occurred. Plaintiff requests that this inspection take place on March 21, 2008. Plaintiff requests that he be permitted to take pictures of the area where the INCIDENT occurred.

SINGLETON & ASSOCIATES

Dated: February 22, 2008        By:    _____
                                       **GERALD SINGLETON**
                                       Attorneys for Plaintiff Ronald Lemas

# Exhibit 4

1    **TERRY SINGLETON**, State Bar No. 58316
     **GERALD SINGLETON**, State Bar No. 208783
2    **SINGLETON & ASSOCIATES**
     1950 Fifth Avenue, Suite 200
3    San Diego, California 92101
     (619) 239-3225
4    (619) 702-5592 (fax)
     geraldsingleton73@yahoo.com
5
     **BEN ROSENFELD**, State Bar No. 203845
6    **LAW OFFICE OF DENNIS CUNNINGHAM**
     115 ½ Barlett Street
7    San Francisco, CA 94110-3022
     (415) 285-8091
8    ben.rosenfeld@comcast.net

9    Attorneys for Plaintiff Ronald Lemas

10

11                    **UNITED STATES DISTRICT COURT**

12                 **NORTHERN DISTRICT OF CALIFORNIA**

13   RONALD LEMAS                    )    Case No.      C 07-00958-SI
                                     )
14             Plaintiff,            )    **PLAINTIFF'S REQUESTS FOR**
                                     )    **ADMISSIONS PROPOUNDED**
15             v.                    )    **TO DEFENDANT M. PAYTON**
                                     )
16   JILL BROWN, M. PAYTON, individually, )
     and DOES 2 through 100, inclusive, )    Discovery cut-off date:      03-27-08
17                                   )
               Defendants.           )
18   _____)

19   Answering Party:           Defendant M. PAYTON

20   Propounding Party:         Plaintiff RONALD LEMAS

21   Set Number:                One

22        COMES NOW Plaintiff, pursuant to Federal Rule of Civil Procedure ("FRCP") 36, and hereby

23   demands that Defendant M. PAYTON answer the following Requests for Admissions within thirty (30)

24   days of the date of service of these requests.

25                          **DEFINITIONS**

26        Unless otherwise indicated, the following definitions shall be applicable to these Requests.

27        (1)    "YOU" or "YOUR" shall mean defendant, defendant's legal counsel, agents or

28   representatives and all persons acting or purporting to act on defendant's behalf for any purpose.

1    (2)    The term "INCIDENT" refers to the occurrences/incidents upon which the causes of action

2    in Plaintiff's complaint are based, unless the contrary is stated.  Here, the term INCIDENT refers to the

3    incident in which Plaintiff either fell or was pushed down the stairs at San Quentin Prison by Defendant

4    M. PAYTON and DOES 2-30 on or about April 18, 2005.

5                              **REQUESTS FOR ADMISSIONS**

6    1.    Admit that YOU were escorting Plaintiff from his cell to the stairway at San Quentin Prison

7          where Plaintiff alleges he fell on April 18, 2005.

8    2.    Admit that Plaintiff fell during the INCIDENT because YOU failed to properly assist him

9          in descending the stairs.

10   3.    Admit that YOU have not been disciplined in any way as a result of the INCIDENT.

11   4.    Admit that under the California Department of Corrections rules, guidelines, regulations, or

12         ordinances that were in effect on the date of April 18, 2005, YOU should have had at least

13         one hand on Plaintiff at all times while YOU were escorting Plaintiff down the stairs at the

14         time of the INCIDENT.

15   5.    Admit that at the time Plaintiff fell during the INCIDENT, YOU did not have a hand on

16         Plaintiff.

17   6.    Admit that the fact that YOU did not have a hand on Plaintiff at the time he fell during the

18         INCIDENT was a cause of Plaintiff's fall.

19   7.    Admit that Plaintiff does not any comparative negligence for the injuries Plaintiff alleges he

20         sustained during the INCIDENT.

21   8.    Admit that no one other than YOU or Plaintiff has any legal responsibility for the injuries

22         Plaintiff alleges he sustained during the INCIDENT.

23   9.    Admit that YOU bear some legal responsibility for the injuries Plaintiff alleges he sustained

24         during the INCIDENT.

25   10.   Admit that the surgery Plaintiff received on his back on or about April 20, 2005, was

26         required as a result of the injuries Plaintiff sustained in the INCIDENT.

27   //

28   //

1    11.    Admit that the injuries Plaintiff sustained during the accident will result in some permanent

2    residual damages to Plaintiff.

3

4                                          **SINGLETON & ASSOCIATES**

5    Dated: February 22, 2008         By:    _____

6                                          **GERALD SINGLETON**
                                          Attorneys for Plaintiff Ronald Lemas

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lemas v. Brown

## PROOF OF SERVICE

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1950 Fifth Avenue, Suite 200, San Diego, CA 92101

On February 22, 2008, I served the following document(s) described as:
**LETTER BRIEF**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

 **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

❑ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier. [as indicated]

❑ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 619 702-5592. The name(s) and facsimile machine telephone numbers(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

❑ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s)

 **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 22, 2008, at San Diego, California.

*Maria Qualls*

Maria Qualls

## MAILING LIST

**VIA U.S. MAIL AND E-MAIL**
Mr. Christopher Young
State of California
Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Facsimile: (415) 703-5843
E-mail: Chris.young@doj.ca.gov