IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEMAS, | No. C 07-00958 SI |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S DISCOVERY REQUESTS** |
| v. | |
| JILL BROWN, MAXENE PAYTON, and DOES 2 through 100, inclusive, | |
| Defendants.           / | |

Plaintiff Ronald Lemas has filed a letter brief requesting that the Court: (1) compel defendants and the California Department of Corrections and Rehabilitation ("CDCR") to respond to plaintiff's discovery requests and subpoenas; (2) extend discovery for plaintiff by an additional 60 days; and (3) consider whether monetary sanctions are warranted. As discussed below, the Court GRANTS IN PART and DENIES IN PART plaintiff's requests. The Court notes that it has every intention of deciding this case on the merits, and is committed to seeing that plaintiff has access to the discovery necessary to try his case. If defendant Jill Brown no longer has access to certain information because she no longer works at San Quentin, then the information plaintiff needs must be discovered through interrogatories on other defendants or through subpoenas served on the CDCR or other appropriate entities. The Court does not agree with plaintiff that he may serve interrogatories on defendants' attorneys, rather than on defendants themselves. In order to facilitate this discovery, the Court orders as follows:

1. With respect to plaintiff's interrogatories to Defendant Brown, et al: Defendants shall respond substantively within 30 days of this Order to plaintiff's Interrogatories (Set Three) propounded and

served on February 12, 2008.

2. With respect to plaintiff's interrogatories to Defendant Payton: Defendants shall respond substantively within 30 days of this Order to interrogatories Nos. 1, 4, 5, 6, 7, 10, 11, 21, 22, and 23 of Plaintiff's Interrogatories to Defendant M. Payton propounded and served on April 9, 2008.

3. With respect to plaintiff's requests for the identification of witnesses: Defendants shall, either in response to plaintiff's written discovery, or separately, within 30 days of this Order, produce to plaintiff a complete list of witnesses who saw or heard any part of the incident (including plaintiff's escort, his fall, the aftermath, his movement out of Donner Unit, his treatment in the infirmary, and his transportation off-site to Marin General Hospital), including the name, title and rank (if applicable), and contact information for each witness, along with a brief description of what the witness saw and/or heard. If this information is not accessible by any named defendant, then plaintiff may file a subpoena on CDCR in order to discover this information.

4. With respect to expert discovery: The deadline for designation of experts shall be continued from April 25, 2008 to July 11, 2008, and the deadline for designation of rebuttal experts shall be continued from May 5, 2008 to July 25, 2008. The deadline for completion of expert discovery shall be continued the corresponding period, from June 6, 2008 to August 22, 2008.

5. With respect to plaintiff's request to continue discovery and the effect on other dates: Plaintiff's discovery cutoff deadline is continued for 60 days from the date of this Order to allow plaintiff, and plaintiff alone, to conduct further oral and written discovery. Plaintiff shall be entitled to take up to ten additional depositions, not counting the depositions previously noticed and listed in No. 6, below.

The dispositive motions hearing date for both parties is continued for the same period of 60 days from August 15, 2008 until October 14, 2008. All motions shall be filed and served in accordance with the federal and local civil rules.

The trial date of November 24, 2008 is preserved.

6. With respect to plaintiff's request to complete discovery which was already noticed before the discovery cutoff date: Plaintiff shall be entitled to complete the discovery which plaintiff has already noticed and to which defendants do not object – to wit, the depositions of Correctional Officers D. Carter, J. Burnaugh, M. Fregoso, R. Peterson, and Nurse Hayes, LVN, and an inspection and photographing inside Donner Unit where the incident occurred.

7. With respect to plaintiff's request to propound written discovery on escorting officer Donald Cecil: Plaintiff shall be entitled to propound one set each of interrogatories, requests for production, and requests for admission on Donald Cecil.

8. With respect to the redacted Ad-Seg ("Isolation") log which the CDCR produced on April 8, 2008, defendants and/or the CDCR shall inform plaintiff with 7 days of this order who made the entry in this log pertaining to plaintiff. Plaintiff shall then be entitled to follow up with written and/or oral discovery to ascertain what, if anything, the author witnessed or knows about this incident.

9. With respect to any records pertaining to plaintiff's medical care at San Quentin prison generated on the date of his injury, April 18, 2005, defendants are ordered to identify and make available for deposition a Federal Rule of Civil Procedure 30(b)(6) "person most knowledgeable" witness concerning whether such records were generated, if not, why not, and if so, what has become of them, including their complete chain of custody. If such records exist, defendants are ordered to produce them to plaintiff within 7 days of this Order.

10. With respect to the Post Orders for Donner Unit on April 18, 2005, which plaintiff subpoenaed from the CDCR (Subpoena No. 7), the CDCR is ordered to produce the requested documents to plaintiff subject to a non-dissemination protective order, which the CDCR is directed to draft and submit to plaintiff within 14 days of this Order. CDCR may redact those portions of the Post Orders that both raise safety and security concerns <u>and</u> that do not relate to the identity of officers who may have witnessed the incident in question, the likely physical location of witnesses to the incident, or the duties

of witnesses to the incident.  In the alternative, CDCR may show cause to this Court within 14 days of this Order why a protective order would not be sufficient to allay the CDCR's concerns.

11.  With respect to plaintiff's request for monetary sanctions against the California Attorney General's Office and/or defendants, the Court finds that sanctions are not appropriate at this time.  However, if defendants and the CDCR do not fully comply with this Order and fully cooperate with plaintiff during future discovery, the Court notes that monetary sanctions may be appropriate, and will entertain such a motion at that time.

**IT IS SO ORDERED.**

Dated: May 20, 2008

SUSAN ILLSTON
United States District Judge