IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEMAS, | No. C 07-00958 SI |
|     Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S DISCOVERY REQUESTS and GRANTING DEFENDANTS' DISCOVERY REQUEST** |
| v. | |
| JILL BROWN, *et al.*, | |
|     Defendants. | |

The parties have filed letter briefs regarding a number of discovery requests. For the reasons discussed below, the Court GRANTS IN PART plaintiff's request and GRANTS defendants' request.

**1.     Training Documents**

Plaintiff Ronald Lemas requests that the Court compel production of written materials that are used to train prison officials on the proper method for escorting prisoners. The parties dispute whether plaintiff requested the training materials before July 20, 2008, when discovery closed. On May 28, 2007, plaintiff requested "Any and all documents (including, but not limited to, policies and procedures manuals, guidelines, rules, regulations, statutes or ordinances) that relate in any way to the manner in which handcuffs should have been applied to a prisoner at San Quentin Prison on April 28, 2005." In response, defendants produced a California Department of Corrections manual entitled "Mechanical Restraint Equipment." Defendants argue that plaintiff's request did not extend to materials relating to how officers are trained to transport prisoners.

The Court disagrees. Materials that are used to train prison officials on how to escort prisoners qualify as documents that "relate in any way to the manner in which handcuffs should have been

applied" on the day in question. Plaintiff is entitled to these materials and made a timely request for them. Accordingly the Court GRANTS plaintiff's motion for defendants to produce written materials that are used to train officers on the proper method of escorting prisoners.

**2.      998 Forms**

Plaintiff is attempting to identify the "Officer Peterson" who is named as the reporting officer in the incident report. Plaintiff has deposed multiple officers with the last name "Peterson" (or with last names that are spelled similarly) but has not yet identified anyone who admits to being the Officer Peterson named in the incident report. Plaintiff claims that the prison maintains "998 forms" that record where each prison employee worked on a given day. Plaintiff requests the Court to compel defendant to produce "998 forms covering the date of the incident for each officer who has testified." These forms are relevant, plaintiff argues, because they could impeach officers who claimed not to be the Officer Peterson in the incident report.

Defendants respond that plaintiff's request is untimely because he failed to request 998 forms before the close of discovery. In addition, defendants argue that the request is unnecessary because plaintiff has already deposed every officer known to have worked in plaintiff's prison unit on the date of the incident.

The Court agrees with defendants. Plaintiff has now identified the officer who escorted him on the day of the incident and has deposed every officer with a name similar to Peterson. The 998 forms will have limited additional value because they can only impeach individuals who said they were not in the unit during the incident, but the forms cannot prove that any of the deponents is the person named in the incident report. In addition, plaintiff did not make a timely request for the 998 forms of every officer who has been deposed. Accordingly, the Court DENIES plaintiff's motion to compel 998 forms.

**3.      Sanctions**

Plaintiff moves to impose sanctions on defendants for failing to produce the 998 forms and training documents. The Court DENIES plaintiff's request for sanctions.

**4.     Expert Deposition Fee**

Defendants have filed a letter brief requesting the Court to order plaintiff to pay $400 to defendants' expert witness, Dr. Gordon Lundy. The fee is for plaintiff's deposition of Dr. Lundy on September 12, 2008. Dr. Lundy is an orthopedic surgeon whose deposition fee is $800 per hour. Plaintiff has already paid Dr. Lundy $1200. Defendants contend that plaintiff questioned Dr. Lundy for approximately 90 minutes and therefore owes him an additional $400. Plaintiff responds that he questioned Dr. Lundy for only eighty minutes and should not have to pay for a full second hour. In addition, plaintiff argues that defendant's fee is unreasonable because Dr. Lundy bills defendants only $600 per hour for reviewing documents and should not have a higher fee for depositions.

The Court GRANTS defendants' motion and orders plaintiff to pay the additional $400 to Dr. Lundy.

**IT IS SO ORDERED.**

Dated: October 20, 2008

SUSAN ILLSTON
United States District Judge