IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEMAS, | No. C 07-00958 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| DONALD CECIL, | |
| Defendant. / | |

On October 20, 2008, the Court heard oral argument on defendant's motion for summary judgment. Having considered the arguments of counsel and the papers submitted, and for good cause shown, the Court DENIES defendant's motion.

**BACKGROUND**

On May 9, 2006, plaintiff Ronald Lemas, then a prisoner at Avenal State Prison, filed a civil action in the Superior Court of the State of California, County of Marin. On February 15, 2007, defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b).

Plaintiff's claim arises out of an event that occurred while he was incarcerated in the Administrative Segregation Unit at San Quentin State Prison. On or about April 18, 2005, defendant Donald Cecil, a guard at San Quentin, escorted plaintiff from his cell to another location for a hearing. Before taking plaintiff to the hearing, defendant handcuffed plaintiff's hands behind his back. During the walk to the hearing, while handcuffed, plaintiff fell down some stairs. Plaintiff alleges that the fall resulted in severe injuries to his back.

Plaintiff's Fourth Amended Complaint (FAC) states causes of action against Jill Brown,

Maxine Payton, and Donald Cecil for negligence, negligent supervision, battery, violation of 42 U.S.C. § 1983, and false imprisonment. [Docket No. 64] On October 3, 2008, the parties filed a joint motion to dismiss with prejudice plaintiff's claims against Payton and Brown. Plaintiff now concedes that the remaining defendant, Cecil, did not commit any of the torts alleged except negligence. Plaintiff's Opp. to Def. Mot. for Summ. J., at 1. Now before the Court is defendant's motion for summary judgment on plaintiff's remaining claim that defendant Donald Cecil was negligent in escorting plaintiff without holding plaintiff's restraints.

## LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir.1991). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979).

# DISCUSSION

## I. Negligence

### A. Factual dispute as to whether it was reasonable for defendant to escort plaintiff without maintaining a physical hold on him.

Plaintiff argues that defendant was negligent in failing to maintain a physical hold on plaintiff while escorting him down stairs in the administrative segregation unit at San Quentin.[1] Defendant responds that summary judgment is warranted because there is no factual dispute as to whether defendant had a duty to maintain a physical hold on plaintiff. Defendant is correct that the "existence of 'duty' is a question of law" for the court. *See Thompson v. County of Alameda*, 27 Cal. 3d 741, 750 (1980). The question here, however, is not whether defendant owed a duty of care to plaintiff, but whether it was unreasonable for defendant to escort plaintiff without maintaining a physical hold on him. The question of what is reasonable under the circumstances is quintessentially a fact question for the jury. *See* Restatement 2d of Torts § 328C, Comment b ("The common formula for the negligence standard is the conduct of a reasonable man under like circumstances. In applying this standard under the instructions of the court, the jury normally is expected to determine what the general standard of conduct would require in the particular case").

Defendant relies on expert testimony and CDCR regulations to establish that it was reasonable

---

[1] Defendant objects to plaintiff's declaration filed on September 29, 2008 in support of his motion for summary judgment, arguing that it was filed without the attestation required by Northern District of California General Order 45(X)(B). Plaintiff's counsel states that he contacted plaintiff at Tracy State Prison by telephone on October 10, 2008 and verified the accuracy of plaintiff's declaration. Decl. of Gerald Singleton in Opp. to Def. Evidentiary Objections, ¶ 4. Subsequent to that conversation, plaintiff's counsel filed a declaration with the proper attestation. [Docket No. 130] In light of the fact that the declarations filed on September 28 and October 10 were substantively identical, and that plaintiff's counsel eventually complied with the attestation requirement, defendant's objection as to improper attestation is OVERRULED.

Defendant also objects that ¶ 2 of plaintiff's declaration should be stricken because plaintiff contradicted his deposition testimony about the identity of the officer who was escorting him at the time of the incident. Plaintiff testified at deposition that he was escorted by one female correctional officer. *See* Young Decl., at ex. Q, 52:17-59:12. In his declaration, plaintiff states that Officer Cecil, a male, was escorting him. *See* Lemas Decl. ¶ 2 [Docket No. 130]. Plaintiff's deposition testimony and declaration are consistent, however, on the essential point that plaintiff was not being held when he fell. *Compare* Young Decl., at ex. Q 58:25, *with* Lemas Decl. ¶ 2. Thus, plaintiff has not contradicted his testimony that the escorting officer was not holding him. The identity of the escorting officer remains a factual dispute for the jury to resolve. Defendant's objection as to plaintiff's contradiction is OVERRULED.

3

for defendant to escort plaintiff down stairs without maintaining a physical hold on him. Defense expert David Tristan, chief deputy director for field operations at the California Department of Corrections from 2001 to 2003, states that he is "not aware" of any policy requiring officers to maintain a strong grip on handcuffed inmates while escorting them. Decl. of David Tristan in Supp. of Def. Mot. for Summ. J. ("Tristan Decl."), ¶ 7. According to Tristan, officers are "trained and encouraged to place a hand on an inmate's arm or cuffs in an effort to reduce the possibility of being assaulted," *id*, but are not required to do so, *id.* ¶ 8. In addition, the Department of Corrections and Rehabilitation Operation Manual § 52020.8.10 provides only that an escorting staff member *may* hold on to the restraints of the inmate. *Id.*, ex. B (emphasis added).

Plaintiff argues that a reasonable officer transporting an inmate in administrative segregation would maintain a physical hold on the prisoner. Plaintiff cites the testimony of Daniel Vasquez, who was warden of San Quentin from 1983 to 1994. Vasquez testifies that during his tenure at San Quentin, offers were "required to keep at least one hand on the inmate's body, clothing or handcuffs while escorting administrative segregation inmates." Decl. of Gerald Singleton in Supp. of Pl. Opp. to Def. Mot. for Summ. J., ex. 2 ¶ 2. According to Vasquez, officers are trained to apply the "hands on" policy when escorting prisoners down the stairs of San Quentin's Administrative Segregation Units because "administrative segregation inmates' hands are cuffed behind their back . . .[so] inmates are unable to protect themselves if they trip, slip or fall." *Id.* ¶ 4. Vasquez also contends that San Quentin maintains internal policies that might not be reflected in the CDCR operations manual. *Id.* ¶ 6.

The contradictory testimony of these experts creates a triable issue of fact as to whether it was reasonable for defendant to escort plaintiff without maintaining a physical hold on him.

**B.  Factual dispute as to whether defendant's manner of escorting plaintiff was the proximate cause of plaintiff's fall**

Defendant argues that even if he had a duty to maintain a physical hold on plaintiff, there is no factual dispute as to whether plaintiff's fall was caused by defendant's manner of escorting him. According to defendant, plaintiff fell on the stairs because he tripped on his pant leg, not because defendant was not holding him. Assuming that plaintiff did trip on his pant leg, however, Vasquez testified that officers are instructed to hold onto prisoners because of the risk that prisoners whose hands

4

are cuffed will be unable to maintain their balance. Therefore, even if it is true that plaintiff tripped on his clothing, there is a triable issue of fact as to whether defendant's manner of escorting plaintiff was a proximate cause of plaintiff's fall.

## II.    Immunity

Defendant argues that plaintiff's negligence claim is barred because defendant is immune from suit for his discretionary acts. Public employees are not immune from liability for injury proximately caused by their negligent or wrongful acts or omissions. Cal. Gov. Code § 844.6(d). Public employees are, however, granted immunity for discretionary acts. Cal. Gov. Code § 820.2. Planning functions of government qualify as immune discretionary acts, while operational functions do not. *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995). "Planning" functions are "those basic policy decisions which have been expressly committed to coordinate branches of government." *Id.* (citations and ellipses omitted). Lower-level, "ministerial" decisions that "merely implement a basic policy already formulated" do not qualify for immunity. *Id.* 981.

According to defendant, an escorting officer's decision about whether to hold an inmate is a discretionary act and therefore qualifies for immunity. Defendant argues that the CDCR Department Operations Manual states that an officer *may* hold onto an inmate's restraints when escorting the officer, but that the officer must use his or her judgment in deciding whether or not to do so. Tristan Decl. ¶ 8. Because the manual gives the officer discretion in deciding whether to hold the restraints, defendant argues, this decision qualifies for immunity.

A public employee's act does not qualify for immunity, however, merely because it involves some use of discretion. *See Doe 1 v. City of Murrieta*, 102 Cal. App. 4th 899, 911 (2002) ("[I]t would be difficult to conceive of any official act, no matter how directly ministerial, that did not admit of some discretion in the manner of its performance, even if it involved only the driving of a nail.") (citations omitted). *Ogborn v. Lancaster* describes the difference between discretionary and ministerial acts: While the decision by the director of a city department of community development to demolish property as a nuisance was discretionary, acts involving the actual demolition were ministerial. 101 Cal. 4th 448, 461 (2002). Similarly, prison policies on how prisoners should be transported are discretionary, while

5

the manner in which officers carry out those policies is ministerial. Defendant's decision about whether to escort plaintiff without gripping plaintiff's restraints therefore was not "discretionary" within the meaning of § 820.2, and defendant does not qualify for immunity.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion for summary judgment on plaintiff's first cause of action. Because plaintiff acknowledged in his pleadings that this defendant did not commit the other torts alleged, the Court also DISMISSES WITH PREJUDICE plaintiff's second cause of action for negligent supervision, third cause of action for battery, fourth cause of action for violation of 42 U.S.C. § 1983, and fifth cause of action for false imprisonment.

**IT IS SO ORDERED.**

Dated: October 20, 2008

SUSAN ILLSTON
United States District Judge