IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEMAS,<br><br>          Plaintiff,<br>  v.<br><br>JILL BROWN, et al.,<br><br>          Defendants.<br>                                        / | No. C 07-0958 SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On March 12, 2009, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning March 23, 2009. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 7 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted separate and conflicting proposed jury instructions. No later than **Wednesday, March 18, 2009**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point

shall be included together in the single set of proposed instructions. The final submission shall be efiled, with a courtesy hard copy delivered to chambers, and also submitted to the court on disk, suitable for reading by WordPerfect X3 (windows) **on or before March 18, 2009.**

4. **Trial exhibits**: **No later than March 20, 2009**, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Motion to bifurcate trial:** Plaintiff moves to bifurcate the trial, such that the first phase would resolve defendant's negligence *vel non*, and the second phase (with the same jury) would resolve causation and damages. Plaintiff argues that the first phase can be completed promptly, with relatively few witnesses, whereas the second phase will require the testimony of many more witnesses, including expensive expert testimony (as reflected the witness lists of the parties), and will include substantially more prejudicial information concerning plaintiff's criminal history, recidivism and current incarceration status. Defendant objects that not much time will be saved by phasing, and that prejudice can be ameliorated by jury instructions. However, the Court finds that the matter may be tried in a more efficient and a fairer manner by phasing the evidence. The motion to bifurcate is GRANTED. It is further ordered that during opening statements in the first phase, no reference should be made to the witnesses or evidence anticipated to be presented in the second phase, absent prior order of Court.

6. **Timing of trial**: The parties estimate that the entire trial should take approximately 6 days to present evidence (4 days for plaintiff, 2 days for defendant). Given that the claims will be phased, the Court will allocate approximately 2-1/2 days to the first phase, and 3-1/2 days to the second phase. Based on these estimates and allocations, each side shall have 30 minutes for opening statements in the first phase, and 30 minutes for opening statements in the second phase; each side shall have 6 hours total for presentation of evidence, which includes direct and cross-examination and presentation

of all exhibits, in the first phase; each side shall have 9 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits, in the second phase; each side shall have up to 30 minutes for closing arguments after the first phase; and each side shall have up to 45 minutes for closing arguments after the second phase.

7. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

8. **Motions in limine**: The parties filed various motions in limine, as follows:

**Plaintiff's motions:**

**No. 1: Motion to exclude testimony of defense expert David Tristan**: DENIED; plaintiff's objections go to the weight of Tristan's expert testimony, not its admissibility, and the issues can be explored on cross-examination.

**No. 2: Motion to exclude testimony of defense expert Albert Ferrari:** DENIED; Ferrari's testimony is relevant to understanding how plaintiff's fall occurred; plaintiff's objections to accuracy of the testimony can be explored on cross-examination.

**No. 3: Motion to exclude details of plaintiff's criminal history:** GRANT re: first phase; deferred as to second phase. Plaintiff seeks to prevent defendant from exploring the facts underlying plaintiff's prior criminal convictions, arguing unfair prejudice and consumption of time in light of marginal relevance. As to the first phase, the Court agrees, and defendant will be allowed only to explore the number of felony convictions and the name and date of the crime committed. At the second phase, defendant may present an offer of proof concerning what information about plaintiff's prior felony convictions, and in what format, he seeks to introduce. The Court will evaluate those questions on a case by case basis.

**No. 4: Motion to exclude surveillance video of plaintiff:** DENIED; but the video is admissible only in the second phase of trial and if properly authenticated.

3

**No. 5: Motion to exclude "evidence, testimony or argument that defendant Cecil was not the individual who was escorting plaintiff":** DENIED, for the reasons set out by defendant in his opposition papers.

**No. 6: Motion to exclude hearsay statements and testimony of P. Hayes and V. DeCoudres:** GRANTED as to hearsay statements; DENIED as to testimony, provided defendants make Ms. Hayes and Ms. DeCoudres available for interview, by phone or in person, prior to trial.

**No. 7 and 8: Motion to exclude evidence or witnesses not produced previously:** DENIED as overbroad, without prejudice to specific objections to specific evidence or witnesses at trial.

**Defendant's Motions:**

**Motion to exclude evidence concerning identity of reporting employee Peterson**: DENIED. Plaintiff may question Guillaumin concerning his report. The Court does not anticipate plaintiff would waste his trial time calling the non-witness Petersons as witnesses at trial.

**Motion to limit number of witnesses testifying on the same subject**: DENIED, without prejudice to specific objections at time of trial. Both parties have listed far more witnesses than they can realistically expect to call. The Court does not anticipate that either side will waste its trial time calling redundant, repetitive witnesses. Specific objections to that effect will be entertained at trial.

**Motion to exclude evidence concerning incident reporting:** DENIED, without prejudice to specific objections at time of trial. Such evidence could be relevant to negligence.

**Motion to exclude evidence of extraneous or dismissed issues:** DENIED, without prejudice to specific objections at time of trial.

9. **Plaintiff's objections to newly-disclosed witnesses:** Plaintiff objected to witnesses identified/listed for the first time by defendants in their pretrial papers. As to witnesses identified for the first time in defendant's October, 2008 filing (Brown, Gonzalez, Condito, Tagliabue, DeCoudres, Hayes, Curcio, Anderson, and Sanchez), the motion is DENIED on condition that at least 48 hours prior to calling such witness to testify, defendant provide plaintiff an offer of proof concerning what that witness' testimony will be. As to witnesses first identified in defendant's March, 2009 filings

4

(Mansfield, Ma), the motion is GRANTED, subject to reconsideration based on offer of proof concerning the need for impeachment-only testimony.

10. **Further Settlement Conference:** The parties discussed a potential new approach to achieving a settlement in the case. They are directed to contact Magistrate Judge Vadas to arrange for a further conference with him prior to trial.

11. **Plaintiff's attendance at trial:** Plaintiff is currently in CDCR custody. The parties shall work together to arrange for his appearance at trial by Monday, March 23, 2009 at 8:30 a.m.

**IT IS SO ORDERED.**

Dated: March 12, 2009

_____
SUSAN ILLSTON
United States District Judge